UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARVIN ODUMS,

                Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                        18-CV-6292 (RRM) (LB)
   -against-

NANCY SUNSHINE, dba, Court Clerk; NEW
YORK KINGS COUNTY SUPREME COURT;
JEFFERY JILIANE, dba as CEO of Greenpoint
Mortgage Funding, Inc.; RICHARD D.
FAIRBANK, CEO, dba as CEO of Capital One
Bank N.A.; and CHARLMONIQUE DUNN,
Capital One, dba, service representative,

                Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      On November 1, 2018, plaintiff Marvin Odums brought this *pro se* action seeking a declaratory judgment against the New York State Supreme Court, Kings County, and one of its clerks, Nancy Sunshine, along with individual employees of financial institutions – Jeffrey Jiliane, the CEO of Greenpoint Mortgage Funding, Inc., Richard Fairbank, the CEO of Capital One Bank N.A., and Charlmonique Dunn, a service representative of Capital One. (Compl. (Doc. No. 1).)  The Court grants plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the limited purpose of this Order.  For the reasons that follow, plaintiff's request for declaratory judgment is denied.

## BACKGROUND

      Plaintiff's claims arise out of a judgment of foreclosure against property located at 302 Malcolm X Boulevard, Brooklyn, NY 11233 ("Property").  The instant submission requests a Declaratory Judgment and asserts the jurisdiction of this Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202; provisions of federal banking laws; and sections of

the United States Criminal Code. (Compl. (Doc. No. 1) at 1-2, 7, 8.) It does not seek monetary or injunctive relief, but seeks a declaratory judgment (1) establishing the past and current relationship between Greenpoint Mortgage Funding, Inc. and Capital One Bank; (2) finding that Capital One Bank engaged in fraud and is liable for harms caused plaintiff; and (2) declaring that the state foreclosure proceedings in New York State Supreme Court, Kings County, Index No. 27661/09 were invalid. (*Id.* at 13-14.)

Plaintiff filed a previous action against some of the same defendants in which he alleged that the foreclosure of Property was illegal and fraudulent. *Odums v. GreenPoint Mortgage Funding Inc., et al.*, 16-CV-6220-RRM-LB. This Court granted defendants' motion to dismiss on December 22, 2019, finding that plaintiff's claims were already adjudicated in the state-court action and thus were now precluded by the doctrine of *res judicata*.

## DISCUSSION

Plaintiff brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, which provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Act "does not by itself confer subject matter jurisdiction on the federal courts. Rather, there must be an independent basis of jurisdiction before a district court may issue a declaratory judgment." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006) (internal citation omitted); *See Medtronic, Inc. v. Mirowski Family Ventures. LLC,* 571 U.S. 191, 197 (2014) ("[T]he Declaratory Judgment Act does not 'extend' the 'jurisdiction' of the federal courts.")

To qualify as "a case of actual controversy" under the Declaratory Judgment Act, the Supreme Court has

> required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937) (internal quotations omitted)). There must be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941) (internal quotations omitted)).

"The Declaratory Judgment Act confers on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Peconic Baykeeper, Inc. v. Suffolk County,* 600 F.3d 180, 187 (2d Cir. 2010) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995) (internal quotations omitted). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton*, 515 U.S. at 288 (upholding district court's decision to stay an action for declaratory relief where "parallel proceedings . . . were underway in state court.")

In this case, the only alleged controversy between plaintiff and the defendants is the validity of a long-closed foreclosure proceeding and plaintiff's allegations of fraudulent behavior by defendants, precisely the issues plaintiff raised in *Odums v. GreenPoint Mortgage Funding, Inc., et al.*, 16-CV-6220-RRM-LB. As this Court has already considered these very issues in its December 22, 2019 Order in 16-CV-6220, no purpose will be served by making a separate ruling

3

on the legal rights of the parties. Accordingly, the Court exercises its discretion and hereby denies plaintiff's request for declaratory relief.

## CONCLUSION

For the reasons set forth above, plaintiff's request for a declaratory judgment is hereby denied. The Clerk of Court is directed to enter judgment and close the case. The Clerk of Court is further directed to mail a copy of this Order and the Judgment to Odums and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      May 19, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge